# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CR-0022-02-DGK |
| ) | |
| GARY D. DICKINSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

Now before the Court is Defendant's *pro se* motion to withdraw his plea of guilty (Doc. 298) due to ineffective assistance of counsel *after* he entered his guilty plea.

Under Federal Rule of Criminal Procedure Rule 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." This "fair and just" standard is construed liberally, but does not create an automatic right to withdraw. *United States v. Trevino*, 829 F.3d 668, 671 (8th Cir. 2016). Defendant contends that after he entered his guilty plea, his attorney declined to make objections to the presentence investigation report ("PSI") and failed to communicate with him. He contends that had he known his attorney would have rendered such ineffective assistance of counsel, he would not have entered into the plea agreement.

This is not a fair and just reason to withdraw a plea of guilty. Defendant does not allege that there was any ineffective assistance of counsel *before* the guilty plea, or that his decision to plead guilty was not knowing, intelligent, and voluntary. In fact, the record shows Defendant was unusually articulate; he had no complaints about his attorney at the time he plead guilty; and

he stated that he understood that once the Court accepted his guilty plea, he could not change his mind later. Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Date:  December 14, 2017             /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT